## LAMOREAUX *v.* O'ROURK.
### June, 1866.

An assessment and a tax warrant made by two of three trustees of the school district, the third taking no part in the matter, not being present, nor having ever been notified to meet for the purpose, is void, and affords no protection in seizing property for payment thereof.

Moses G. Lamoreaux sued Michael O'Rourk and Hiram H.

Weatherwax, in the supreme court, for forcibly taking and converting to their own use a colt, the property of the plaintiff, of the alleged value of one hundred and ten dollars. The defendants justified as trustees of a school district. '

It appeared on the trial at the circuit, that in August, 1856, proceedings were instituted to form a new school district from parts of four other existing school districts, and that an order was made to that effect by the proper school commisioners, the new district being designated as No. 9. A question was raised as to the jurisdiction of the commissioners to make the order, on a ground not necessary to state. On August 22, 1856, a meeting of the inhabitants of the new district, qualified to vote at district meeting, was held pursuant to appointment of the commissioners, for the purpose of electing officers of the district, and doing such other business as pertained to the organization of the meeting. At the meeting thus held, the defendants, O'Rourk and Wetherwax, and one William H. Denison, were elected as trustees of the district, and Robert Onderkirk as collector. At an adjourned meeting on September 23, it was resolved to build a school house, the trustees to have power to contract for the building, the cost not to exceed three hundred and twenty-five dollars, complete and in good order for use. At an adjourned meeting, on October 11, 1856, it was resolved to raise the additional sum of fifty dollars for building the school house. On October 20, 1856, the defendants, as trustees, met and made out the assessment and tax list for the purpose of raising the sum of three hundered and seventy-five dollars, to build the school house, and signed and issued a warrant to the collector, commanding him to collect the amounts assessed from the several persons named in the tax list. On this list, the amount of tax assessed against the plaintiff was thirty-eight dollars and thirty-five cents. Denison, the other trustee, took no part in making out the list, or using the warrant. He was not present when the tax list or assessment and warrant was made out, nor was ever notified to attend a meeting of the trustees for that purpose, or consulted in any way on the subject.

The tax list and warrant were delivered by the defendants to Onderdirk, the collector, on October 20. On November 19, the warrant was renewed by them for thirty days; and on Decem-

ber 23, by permission of the school commissioners, it was further renewed by them for thirty days.

Intermediate the first and last renewal, Onderdirk, the collector, moved to Michigan, and left the tax list and warrant with the defendants.

The defendants appointed one Fish a collector in his place. Denison, the other trustee, was not present when he was appointed, nor was he ever notified to meet and appoint a collector. The warrant was handed to Fish by the defendants, who, as collector, demanded the tax from the plaintiff, which he refused to pay, and, by virtue of the warrant issued by the defendants, and by their direction, he levied upon a colt of the plaintiff's, taking the proptrty into his possession upon making the levy, and subsequently selling the same. The defendants were present at the sale, and O'Rourk bid off the plaintiff's horse. Of the proceeds of the sale, Fish paid to the defendants, as trustees, the amount of the tax, and tendered the surplus to plaintiff, who declined receiving the same, saying that he should look to the defendants for his money.

This was, substantially, the testimony, and at its close the judge declared and ruled as matter of law:

1st. That there was no district; that he order of the school commissioners forming the school district was void; and that, therefore, the trustees had no jurisdiction to act as trustees.

2nd. That the tax list and warrant of the trustees was void.

3rd. That the appointment of Fish, the collector, was void.

In conclusion he charged the jury that the plaintiff, for these reasons, was entitled to recover the value of the horse, and directed them to find a verdict for plaintiff therefor, and they accordingly. found for plaintiff ninety-eight dollars and forty cents.

*The supreme court,* at general term, affirmed the judgment entered on the verdict, without, however, assigning their reasons therefor. Defendants appealed.

*George F. Danforth,* for defendants, appellants.—That the assessment and warrant were valid though signed by two trustees only, who were a majority and the only acting trustees;

III—2

—cited *L.* 1848, p. 706, § 710 ; Williams *v.* School District, 21 *Pick.* 75 ; Downing *v.* Ruger, 21 *Wend.* 178.

*E. G. Lapham,* for plaintiff, respondent.—As to void character of assessment ;—cited Doughty *v.* Hope, 3 *Den.* 594, 598 ; Affirmed, 1 *N. Y.* 79 ; Lee *v.* Parry, 4 *Den.* 125 ; *Code of Public Instruction,* 95.

BY THE COURT.—WRIGHT, J.—I have examined the case and am prepared to advise an affirmance of the judgment. [The learned judge here stated the facts as above, and proceeded as follows :]

Without considering the questions whether the district was then legally formed, or whether the appointment of Fish, who executed the warrant, was valid or invalid, it is clear that the judge was right in holding that the assessment and tax warrant was void. It was made and signed by only two of the trustees, the third trustee (Denison) taking no part in the matter. He was not present when the assessment or tax list was made, nor was he ever notified to meet with the trustees to make out such list, or consulted in relation thereto. The defendants, as trustees, made the assessment themselves, and issued and signed the warrant annexed thereto, and delivered the same to Fish, who they had appointed collector, and under and by virtue of which the plaintiff's property was taken. This void assessment and tax warrant was no protection to them, in directing the plaintiff's property to be taken from him, and subsequently converting the same. As there was no defense for the taking and conversion, a verdict, by way of damages, for the value of the property, was rightly directed.

The judgment should be affirmed.

All the judges concurred, except J. C. SMITH, J., not voting.

Judgment affirmed, with costs.