SARAH J. HALLOCK, RESPONDENT, v. FAIRFIELD RUMSEY, APPELLANT.

*Tax—the collector is not protected when the warrant is void—when property seized by a collector may be replevied by its owner.*

The defendant, while acting as a collector of school taxes, levied upon a cow, belonging to the plaintiff, under a warrant for a school tax assessed against the plaintiff's husband for a farm. It appeared that the farm belonged to the plaintiff, and that her husband resided with her upon it.

In this action, brought by the plaintiff to replevy the cow,

*Held,* that, as the farm was improperly assessed to the husband, the warrant under which the defendant acted was void, and furnished no justification for his acts.

That the statute, providing that property taken by virtue of a warrant for the collection of any tax, should not be replevied, was not applicable where property owned by, and in the possession of, one person, was seized for the tax of another, and that it did not prevent the plaintiff from maintaining this action.

APPEAL from a judgment of the County Court of Orange county, affirming a judgment of a justice of the peace in favor of the plaintiff.

*Henry Bacon,* for the appellant.

*Geo. W. Millspaugh,* for the respondent.

DYKMAN, J.:

This action is for the recovery of a cow belonging to the plaint--

iff, who is the wife of James J. Hallock, which was seized by the defendant while acting as collector of school district No. 11, in the town of Warwick in Orange county, for a school tax assessed against the husband for the farm on which both reside. The uncontradicted testimony of the plaintiff is that the farm and the cow both belong to her, and that the husband resides there with her. This is all the testimony in the case respecting the possession of the farm, and it is plain that the jury was justified in finding from it that both the farm and the cow were in possession of the plaintiff at the time of the seizure. This being so, it is obvious the farm was improperly assessed to the husband, for the statute requires that land must be assessed to the resident owner unless it is occupied by another, and then it may be assessed either to the owner or occupant. (1 R. S., 6 ed., 934.) These statutory provisions are imperative and must be pursued with strictness. In them the assessors find their only authority, and beyond them they have no jurisdiction; unless, therefore, they assess as the statute prescribes, their assessment is void. (*Whitney* v. *Thomas*, 23 N. Y., 281.)

The foundation upon which the defendant attempted to build his justification being thus swept away, he is left a naked trespasser, with no justification from his warrant as collector for the school district.

It is claimed, however, that the action cannot be maintained because the property in question was taken for a tax, and the statute providing that no replevin shall lie for any property taken by virtue of any warrant for the collection of any tax, assessment or fine in pursuance of any statute of this State is invoked in favor of this position. This statute, like all others, must receive a reasonable construction by the courts, and not be permitted to accomplish unjust results. If personal property is found in the possession of a person named in a tax warrant there may be reasons for prohibiting replevin against a collector for its seizure. In the interest of society, and to facilitate the collection of taxes, such statutory provisions may work salutary results. But it is not the intention of the law to allow the property of one person to be seized for the tax of another. Such seizure would be beyond the command of

the warrant, and illegal, and the owner should have replevin for its recovery. (*L. S. & M. S. R. R. Co.* v. *Roach,* 21 Alb. L. J., 258.)

Under the circumstances of this case the plaintiff should have her action and the statute is no bar. The property seized did not belong to the person assessed, and was not in his possession. Another fact disclosed by the case divests the defendant of all justification and leaves him liable as a trespasser for the seizure of the property of the plaintiff. But two of the school trustees were present when the tax was levied and assessed and the warrant made out, and no notice to the other to attend any meeting for that purpose is shown. This assessment and tax warrant were therefore void and gave no protection to the defendant. (*Lamoreaux* v. *O'Rourk,* 3 Abb. Ct. App. Dec., 15.)

Questions of regularity in the election of the school trustees and the appointment of the defendant as collector are involved in the case, but as the judgment must be affirmed there exists no necessity for their examination.

Judgment affirmed, with costs.

BARNARD, P. J., and GILBERT, J., concurred.

Judgment of County Court affirmed, with costs.